UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CECIL WAYNE MONTANEZ,<br><br>Defendant. | Case No. 1:21-cr-00059-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Defendant Cecil Wayne Montanez's Motion for Compassionate Release. *See* Dkt. 46. For the reasons explained below, the Court will deny the motion.

# BACKGROUND

In June 2021, Defendant Cecil Montanez pleaded guilty to distribution of methamphetamine. The Court later sentenced him to 63 months' incarceration followed by three years of supervised release. *See Judgment,* Dkt. 38. Montanez is incarcerated at Sheridan FCI, and his projected release date is August 8, 2025. *See* https://www.bop.gov/inmateloc/ (last visited Oct. 4, 2024).

# LEGAL STANDARD

"A judgment of conviction that includes a sentence of imprisonment

MEMORANDUM DECISION AND ORDER - 1

constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)) (cleaned up). Congress provided one such exception in 18 U.S.C. § 3582(c)(1)(A)(i). Section 3582(c)(1)(A)(i) provides that a district court may modify a final sentence in some situations, which will be described further below. Before filing such a motion, however, defendants must exhaust their administrative remedies. *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021). The court must then make three findings: (1) a reduced sentence is consistent with applicable policy statements issued by the U.S. Sentencing Commission; (2) the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) favor relief; and (3) "extraordinary and compelling reasons" warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). If any one of these factors is not met, the court may deny relief. *Keller*, 2 F.4th at 1284. The defendant bears the burden of establishing these requirements by a preponderance. *See United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998); *Walton v. Arizona*, 497 U.S. 639, 650 (1990) (holding that a defendant's due process rights "are not violated by placing on him the burden of proving mitigating circumstances sufficiently substantial to call for leniency"), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584, 609 (2002).

    The Sentencing Commission's policy statements at § 1B1.13 of the

Sentencing Guidelines state that "extraordinary and compelling reasons" include: (1) a defendant's serious medical condition; (2) a defendant's age combined with serious deterioration in physical or mental health due to the aging process; (3) a defendant's family circumstances where the defendant becomes the only available caregiver for a close relative; (4) a defendant's suffering abuse by an employee or contractor of the Bureau of Prisons (the "BOP"); (5) any other circumstance or combination of circumstances that are "similar in gravity" to the four reasons just listed; or (6) a change in the law in cases where (a) the defendant received an "unusually long sentence," (b) the defendant has already served 10 years of that lengthy sentence; and (c) the change in the law would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed. *See* U.S.S.G. § 1B1.13(b). As another court in this District recently noted, the catch-all clause at U.S.S.G. § 1B1.13(b)(5)—that is, the clause indicating that courts may find an extraordinary and compelling reason for other circumstances, or combination of circumstances, of similar gravity to those set forth in subsections (b)(1) through (4)—affords courts "significant leeway in defining precisely what qualifies as an extraordinary and compelling reason." *United States v. Schmidt*, No. 4:19-cr-00371-DCN, 2024 WL 1158331, at *2 (D. Idaho Mar. 18, 2024). The policy statements also provide that before a sentence may be reduced, the Court must find that the defendant is not a danger to the safety

of any other person or to the community. *Id*. § 1B1.13(a)(2).

Until recent amendments, U.S.S.G. § 1B1.13 addressed only motions brought by the Director of the Bureau of Prisons (BOP)—and not those brought by defendants individually. *See United States v. Aruda*, 993 F.3d 797, 801–02 (9th Cir. 2021). District courts were free to consult the statements as persuasive authority, but the Ninth Circuit made clear that the statements were not binding. *Id.* at 802. Under recent amendments, however, § 1B1.13 expressly applies to motions brought by the BOP Director *and* to those brought by individual defendants. U.S.S.G. § 1B1.13(a). Along with its sister district courts in the Ninth Circuit, the Court understands these amendments to resolve the discrepancy highlighted in *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021) and to make U.S.S.G § 1B1.13 binding. *Accord Schmidt,* 2024 WL 115831, at *2.

## ANALYSIS

### A. Exhaustion of Administrative Remedies

The Court must first decide whether Montanez exhausted his administrative remedies. The government says it reached out to FCI Sheridan, to determine whether Montanez had exhausted his administrative remedies and learned that BOP's database does not show that the warden received a compassionate-release from Montanez. *See Response,* Dkt. 48, at 3. Montanez did not file a reply, explaining why this might be. But in his moving papers, Montanez did submit a

form titled *Inmate Request to Staff.* In that form, he states, "I would like to request a sentence reduction or compassionate release for the conditions at F.C.I. Sheridan during the Covid-19 pandemic." *See Motion,* Dkt. 46, at 1. The lower part of that form contains a "Received" stamp from the "Warden's Office, FCI Sheridan." *Id*. Under these circumstances, the Court will give Montanez the benefit of the doubt and proceed to the merits of his request.

**B. Extraordinary and Compelling Reasons**

Montanez's motion fails primarily because he hasn't provided anything concrete or particular to him in support of his motion. Montanez is relying on a form motion—likely written by another inmate—which alleges problematic conditions at FCI Sheridan because of the pandemic.[1] Other judges confronting similar form motions have summarily denied them, explaining that such a motion fails to address how the situation "impacted [the defendant] personally and instead describes the conditions of confinement more generally.'" *United States v. Eccles,* No. CR14-5290 BHS, 2024 WL 83493, at *4 (W.D. Wash. Jan. 8, 2024) (citing *United States v. Slaughter*, No. CR13-359RSL, 2023 WL 5609339 (W.D. Wash.

---

[1] The Court has been dealing with multiple nearly identical motions filed by individuals incarcerated at FCI Sheridan. *See, e.g., United States v. Belden*, No. 2:19-cr-00414-DCN (D. Idaho Feb. 5, 2024). As has been explained in other decisions, it appears that one FCI Sheridan inmate created a "fill-in-the-blank" style pleading that is being circulated and used by other inmates. *See, e.g., id.*

**MEMORANDUM DECISION AND ORDER - 5**

Aug. 30, 2023) (Lasnik, J.)). This Court reaches the same conclusion—the form motion fails to establish extraordinary and compelling circumstances absent evidence specific to the movant. *Id.*

### C. The § 3553(a) Factors

Even if Montanez had established an extraordinary and compelling reason, the factors set forth in 18 U.S.C. § 3553(a) weigh against his release. Defendant distributed a substantial amount of methamphetamine and his 63-month sentence was appropriate and remains appropriate, notwithstanding the passage of time. The Court has considered the § 3553(a) factors anew and finds that they do not balance any differently now than they did at the time of sentencing. Rather, the Court finds that the need for sentence to reflect the seriousness of the offense, provide just punishment, afford adequate deterrence, and to protect the public, weigh against release. Accordingly, the Court will deny the pending motion.

## ORDER

**IT IS ORDERED that** Defendant's Motion for Compassionate Release (Dkt. 46) is **DENIED.**

DATED: October 25, 2024

B. Lynn Winmill
U.S. District Court Judge